IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

Case No. _____

MINDEN PICTURES, INC.,

    Plaintiff,

v.

NORTH COAST SCUBA INC. d/b/a JUST ADD
WATER SCUBA,

    Defendant.

## COMPLAINT

Plaintiff Minden Pictures, Inc. ("Plaintiff") sues North Coast Scuba Inc. d/b/a Just Add Water Scuba ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of California with its principal place of business located in Aptos, California.

2. Defendant is a corporation organized and existing under the laws of the State of Ohio with its principal place of business located at 36200 Euclid Ave, Suite 7, Willoughby, OH 44094. Defendant's agent for service of process is Brenda Miracle, 36200 Euclid Ave, Suite 7, Willoughby, OH 44094.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has subject personal jurisdiction over Defendant because it maintained sufficient minimum contacts with this State such that the exercise of personal

jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "[A]n individual defendant 'may be found' in any federal district in which he or she is subject to personal jurisdiction." J4 Promotions, Inc. v. Splash Dogs, LLC, No. 08 CV 977, 2009 U.S. Dist. LEXIS 11023, at *79 (N.D. Ohio Feb. 13, 2009). In other words, venue is proper in his District because Defendant is subject to personal jurisdiction in this District. See Big Guy's Pinball, LLC v. Lipham, No. 14-CV-14185, 2015 U.S. Dist. LEXIS 89512, at *2 (E.D. Mich. July 10, 2015).

## FACTS

### I. Plaintiff's Business

6. Plaintiff is recognized as a premier provider of rights managed wildlife and nature stock photography/feature stories.

7. Plaintiff's collection covers key aspects of natural history, ecology, biodiversity, and endangered species from all continents including many remote and isolated regions.

8. Plaintiff also features images of human interaction with the natural world highlighting scientific research, conservation, environmental issues, indigenous peoples, and eco-travel.

9. Plaintiff serves as the exclusive licensing agent for the numerous professional photographers whose work Plaintiff represents, including but not limited to the work at issue in this lawsuit.

### II. The Work at Issue in this Lawsuit

10. Pete Oxford is a wildlife filmmaker and nature photographer. Before launching his career in photography, he studied marine zoology. Mr. Oxford's career began in tourism in

1987 while living in the Galapagos Islands, where he worked as a naturalist guide. Since then, Mr. Oxford has traveled to some of the world's most pristine and remote corners as a conservation photographer. He continues to create images of wildlife and native cultures with an emphasis that the conservation of one is inextricably linked to the other.

11. Mr. Oxford is a Founder Fellow of the International League of Conservation Photographers, as well as a board member of the *Quito Vivarium* in Ecuador and SEVENSEAS Marine Conservation & Travel Magazine. He is a contributing photographer for the Annenberg Space for Photography and an official ambassador for Gitzo, Mindshift Gear, Voltaic Systems, and Catoma Tents. Mr. Oxford also works in partnership with various conservation-based nonprofit organizations, such as the *Oceanic Society, Bird Life International, Orianne Society, the MAR Alliance, and Equilibrio Azul.*

12. In 2015, Mr. Oxford created a professional photograph of sea turtles underwater titled "00547043"" (the "Work"). A copy of the Work is displayed below:



13. The Work was registered by Plaintiff with the Register of Copyrights on February

3

3, 2017 and was assigned Registration No. VA 2-054-217. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as "**Exhibit A.**"

14. Mr. Oxford is the owner of the Work and has remained the owner at all times material hereto. For all times relevant to this action, Plaintiff has been appointed as the exclusive licensing agent and publisher of all copyright rights in and to the Work. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

### III. Defendant's Unlawful Activities

15. Defendant is a dive center store, with multiple locations in the Willoughby and Fairview Park area, that offers various training courses and a large inventory of dive equipment to "the entire Cleveland metro area and much of northeast Ohio."

16. Defendant advertises/markets its business through its website (https://www.justaddwaterscuba.com/), social media (e.g., https://www.facebook.com/JustAddWaterScuba/), and other forms of advertising.

17. On a date after the above-referenced copyright registration of the Work, Defendant displayed and/or published the Work on its website (at: https://www.justaddwaterscuba.com/en/galapagos-2022):



18.     A true and correct copy of a screenshot of Defendant's website, webpage, and/or social media page displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

19.     Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its business or for any other purpose.

20.     Defendant utilized the Work for commercial use.

21.     Upon information and belief, Defendant located a copy of the Work on the Internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

22.     Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in December 2022. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the

past/existing infringement of the Work.

23. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

24. Plaintiff re-alleges and incorporates paragraphs 1 through 23 as set forth above.

25. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

26. Mr. Oxford owns a valid copyright in the Work, having registered the Work with the Register of Copyrights.

27. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyright (as Plaintiff serves as the exclusive licensing agent with respect to the Work).

28. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website, webpage, and/or social media.

29. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

30. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

31. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("COPYRIGHT © 2023 | CMS

VERSION: 4.6.3 INTEGRATED SCUBA SYSTEMS. ALL RIGHTS RESERVED."), indicating that Defendant understands the importance of copyright protection and intellectual property rights, and is actually representing that it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

32. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

33. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

34. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages

pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

35. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

36. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each photograph comprising the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

**Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.

Dated: February 14, 2024.

            Respectfully submitted,

            */s/ Jessica A Barwell*
            ***WESP BARWELL, L.L.C.***
            Jessica A. Barwell (0088716)
            Gregory P. Barwell (0070545)
            Attorneys at Law
            475 Metro Place S. Ste 430
            Dublin, Ohio 43017
            P+F: (614) 456-0488
            Email: jbarwell@wesplaw.com
            Email: gbarwell@wesplaw.com

            *Attorneys for Plaintiff*